IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BRETT SABADO
        DEFENDANT.

Criminal Action No.

1:21-CR-226-TWT

## GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR 5K DOWNWARD EPARTURE

The United States of America, by Ryan K. Buchanan, United States Attorney, and Bernita Malloy and Angela Adams, Assistant United States Attorneys, for the Northern District of Georgia respectfully submits this memorandum in connection with the sentencing of Brett Sabado (the "Defendant"), presently set for June 23, 2020, at 2:00 p.m.  For the reasons stated below, the Court should adopt the recommendations of the United States Probation Office on the determination of the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range and find that the applicable total adjusted offense level is 31.  The Defendant's criminal history is Category I, and the advisory Guidelines range is 108-135 months.

The United States further moves, pursuant to U.S.S.G § 5K, for a three-level downward departure of the applicable guideline range based upon the Defendant's substantial assistance.  This would yield an adjusted Guidelines range

of 78-97 months. The United States asks the Court to impose a sentence at the bottom of that adjusted Guidelines range, which will provide appropriate punishment for the instant offense, but not a sentence greater than necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## I.    Background

The Defendant and his co-conspirators participated in schemes to defraud both the Tricare and Medicare programs.   Under the Tricare scheme, the Defendant and his co-conspirators caused compounding pharmacies to make false and fraudulent claims on Tricare and other payers for medically unnecessary compounded medications, such as pain creams, scar creams and multi-vitamins, that were specifically devised to maximize profits.   The medications were dispensed pursuant to false and fraudulent prescriptions.   The compounding pharmacies paid NHS, a pharmaceutical company operated by the Defendant, millions of dollars in illegal kickbacks and other remuneration in exchange for the referral of the false and fraudulent prescriptions for compounded medications. The Defendant also created an online portal database used by NHS to facilitate the referral of prescriptions through NHS to compounding pharmacies.   The Defendant and others ultimately caused a loss of $4.5 million to Tricare.

Under the Medicare scheme, the Defendant conspired with the owners of durable medical equipment (DME) supply companies to submit false and fraudulent claims for medically unnecessary DME such as arm, leg, back, wrist, and neck braces to Medicare. Specifically, the Defendant warehoused, packaged,

2

and shipped thousands of fraudulent DME orders to Medicare beneficiaries. The Defendant knew that the DME orders were supported by sham prescriptions written by telemedicine physicians who, in many instances, never spoke with or examined the Medicare beneficiaries for whom the physicians ordered DME. Nonetheless, the Defendant continued to package and ship DME that Medicare beneficiaries neither requested nor needed. For his part in this scheme, the Defendant received between $5 and $15 for each medically unnecessary brace he shipped. The Defendant also received a percentage of all Medicare reimbursement for the braces. The Defendant and others ultimately caused a loss of almost $70 million to Medicare.

## II.     Plea Agreement and The Probation Office's Recommendation

On August 10, 2021, the Defendant pleaded guilty to one count of conspiracy to commit health care fraud.   In the plea agreement, the United States and the Defendant agreed that the applicable base offense guideline is U.S.S.G. § 2B1.1(a)(2), which yields a base offense level of 6.  The Defendant caused loss in an amount more than $65,000,000 and less than $150,000,000, yielding a 24-level increase to the offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(M). The Defendant also pleaded guilty to an offense that caused loss to a federal healthcare program in an amount more than $20,000,000, increasing the offense level by 4 levels pursuant to 2B1.1(b)(7)(A) and (B)(iii).  The United States will also recommend a two-level sentence adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), together with an additional one-level adjustment under U.S.S.G. §

3E1.1(b). Based upon this agreement, the adjusted Guidelines range would yield an adjusted offense level of 31.

The Probation Office's assessment of the case and Guideline offense calculation is consistent with the recommended terms in the parties' plea agreement.

### III.   Motion for A Downward Departure of the Applicable Guidelines Range For Defendant's Substantial Assistance

The Defendant's parents, Charles Ronald Green and Melinda Elizabeth Green, were charged with engaging in similar fraudulent schemes related to medically unnecessary compounding medications in the Southern District of California. (*See U.S. v. Green, et. al*, Case No. 3:20-cr-01566-DMS, SDCA (San Diego)). The Defendant agreed to cooperate with the Government and provided valuable information that aided in the prosecution of the Greens.  It is believed that knowledge of the Defendant's cooperation motivated the Greens to accept responsibility and enter pleas of guilty.

Because the Defendant provided substantial assistance to the Government, U.S.S.G. § 5K permits this Court to impose a sentence below the applicable guideline range, and the Government asks that the Court to do so in this case.  The Government recommends a 3-level downward departure from the applicable Guidelines range of 108-135 months, reducing the Guidelines range to 78-97 months.

4

## IV.    The United States' Recommendation

The United States recommends a sentence at the low end of the Guidelines range.    A low-end Guidelines sentence is appropriate in this case upon consideration of the factors set forth in 18 U.S.C. §3553(a).  First, the characteristics of the Defendant warrant a low-end sentence.  The Defendant admitted to his conduct prior to being charged and agreed to cooperate immediately.  In addition, the Defendant has no criminal history. Second, while the Defendant's fraud scheme was serious and pervasive in that it spanned several jurisdictions and caused over $100 million in loss to federal healthcare programs, a sentence of 78 months appropriately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.   Third, the Defendant's sentence is appropriate in terms of the length of imprisonment because a low-end sentence amounts to approximately 6 and 1/2 years of incarceration. This sentence serves as adequate deterrence to others who might consider engaging in similar criminal conduct.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*

/s/BERNITA MALLOY
   *Assistant United States Attorney*
   Georgia Bar No. 718905

5

Bernita.Malloy@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6000
fax (404) 581-6181


/s/ ANGELA ADAMS
    *Assistant United States Attorney*
Georgia Bar No. 613114
Angela.Adams@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6000
fax (404) 581-6181

6

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Gregory E. Golberg, Esq.
John D. Sullivan, Esq.

June 22, 2022

/s/ ANGELA ADAMS

ANGELA ADAMS
*Assistant United States Attorney*

7